**Jenny L. MERICHKO, Appellant**

v.

**Michael J. ASTRUE, Commissioner of Social Security.**

No. 09–2854.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) Jan. 21, 2010.

Opinion filed: Feb. 2, 2010.

Jenny L. Merichko, Monessen, PA, pro se.

Eric P. Kressman, Esq., Amanda Reinitz, Esq., Social Security Administration, Philadelphia, PA, for Appellee.

Before: SLOVITER, CHAGARES and WEIS, Circuit Judges.

## OPINION

PER CURIAM.

Appellant Jenny L. Merichko appeals from the order of the United States District Court for the Western District of Pennsylvania granting summary judgment in favor of the Commissioner of Social Security ("Commissioner") and denying Merichko's motion for summary judgment. The District Court's order effectively affirmed the Administrative Law Judge's ("ALJ") denial of Merichko's application for Social Security Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The District Court determined that there was substantial evidence to support the ALJ's decision. We will affirm.

### I.

Merichko was fifty-five years old at the time of the ALJ's decision. She is a high school graduate, attended college for approximately one and one-half years, and has work experience as a server. She

claimed that she became disabled in March 1996, following an automobile accident in which she injured her neck and back. In February 2005, she applied for DIB and SSI alleging disability due to fibromyalgia and cervical and thoracic strains.

After Merichko's application was denied by the state agency, an ALJ held a hearing on her claim in April 2007, during which Merichko and a vocational expert testified regarding her condition. In June 2007, the ALJ issued a decision finding that Merichko was not disabled and that she could perform a range of medium work. The Appeals Council denied Merichko's request to review the ALJ's decision, making that decision the final decision of the Commissioner.

In May 2008, Merichko filed an action in the District Court seeking review of the Commissioner's decision denying her claim for DIB and SSI. As noted, the parties filed cross motions for summary judgment, and, in April 2009 opinion, the District Court granted summary judgment in favor of the Commissioner. Merichko filed a timely appeal.

## II.

We have jurisdiction over the appeal under 28 U.S.C. § 1291 and exercise plenary review over the District Court's decision to grant summary judgment. *McGreevy v. Stroup*, 413 F.3d 359, 363 (3d Cir.2005). Summary judgment is appropriate when the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). A court reviewing a summary judgment motion must evaluate the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Brewer v. Quaker State Oil*

*Ref. Corp.*, 72 F.3d 326, 330 (3d Cir.1995). However, a party opposing summary judgment "must present more than just 'bare assertions, conclusory allegations or suspicions' to show the existence of a genuine issue." *Podobnik v. U.S. Postal Serv.*, 409 F.3d 584, 594 (3d Cir.2005).

## III

■ Upon review of the record, we find that the District Court properly granted the Commissioner's motion for summary judgment. Where a litigant challenges a ruling of the ALJ denying a claim for DIB and SSI, judicial review is limited to determining whether there is substantial evidence to support the Commissioner's decision. 42 U.S.C. § 405(g); *Knepp v. Apfel*, 204 F.3d 78, 83 (3d Cir.2000) (citing *Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552, 564–65, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988). If the ALJ's findings of fact are supported by substantial evidence, such findings are binding. *Knepp*, 204 F.3d at 83.

■ Having reviewed the administrative record, we agree with the District Court's conclusion that the ALJ's decision is supported by substantial evidence. We note that Merichko did not identify to the District Court, nor to this Court, any specific errors in the ruling. Although Merichko was diagnosed with cervical and thoracic sprains as well as fibromyalgia, she reported improvement in her pain with both physical therapy and chiropractic treatment between 2001 and 2003. By July 2000, Merichko's primary care physician noted that she had improved range of motion in her cervical spine, shoulders, and hips, and much less pain in her trigger

points. By November 2002, her fibromyalgia was stable and she reported that her cervical spasms were mild.

In addition, a physician who examined Merichko in April 2005, at the request of the state agency, found that her handgrip was optimal, her gait was normal, and that she had a normal range of motion in her shoulders, elbows, wrists, and lumbar spine.

At the administrative hearing, Merichko admitted that she took no prescription or over-the-counter medications to treat her pain, and that she saw her treating physician only once a year. She further testified that she uses public transportation regularly, does her own weekly grocery shopping and carries her own bags, and walks frequently. We therefore conclude that substantial evidence supports the ALJ's ruling.

Accordingly, we will affirm the order of the District Court.